UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JUSTIN WALLS, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:23-cv-01089-MMM-JEH |
| | ) |
| v. | ) Judge Michael M. Mihm |
| | ) |
| ATCO INDUSTRIES, INC., and ARROW TALENT MANAGEMENT, | ) Magistrate Judge Jonathan E. Hawley |
| | ) |
| Defendants. | ) |

**ATCO INDUSTRIES, LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Months after the Equal Employment Opportunity Commission ("EEOC") terminated processing Plaintiff's charges against *other entities* for the conduct alleged in this lawsuit, Plaintiff amended his complaint to include ATCO Industries, Inc. ("ATCO Industries"),[1] as a defendant for claims brought under Title VII of the Civil Rights Act of 1964 ("Title VII"). Title VII, however, authorizes civil actions against only persons named in EEOC charges, and Plaintiff has not alleged that he named ATCO Industries in an EEOC charge. The Seventh Circuit has repeatedly held that a plaintiff's failure to name a defendant in an EEOC charge is grounds for dismissing Title VII claims. The policy underpinning those decisions is sound: the administrative exhaustion requirement gives employers notice of wrongdoing (that they may correct) and an opportunity to engage in conciliation—before litigation. The Title VII claims should be dismissed. Plaintiff has also pleaded that ATCO Industries violated 42 U.S.C. § 1981 ("Section 1981") through a pattern or practice of discrimination. But the amended complaint (hereafter the "Complaint") alleges conduct relating to only one member of a protected class and does not identify any discriminatory

---

[1] ATCO Industries, LLC, is misnamed in the Amended Complaint as ATCO Industries, Inc.

pattern or policy that would support the claim of a pattern or practice of discrimination. The Section 1981 claim should be dismissed.

## ALLEGATIONS AND PROCEDURAL POSTURE

Plaintiff, an African-American male, was hired by ATCO Industries, through co-defendant Arrow Talent Management ("Arrow"), on or around August 8, 2022.[2] (Compl. ¶¶ 17, 19.) Arrow and ATCO Industries are alleged to "have been under contract for services rendered in Illinois" and to have "been a joint employer" of Plaintiff. (Compl. ¶ 4.) Plaintiff worked at an ATCO Industries location at 100 Rivian Motorway, Normal, Illinois. (Compl. ¶ 10.) On or around August 21, 2022, and in response to Plaintiff's request for assistance searching for a tool, Plaintiff's supervisor, "Steven," hurled a tool at Plaintiff and told him to sign them out on the sheet. (Compl. ¶ 21.) A tool broke, and Steven screamed at Plaintiff, "What the fuck n*gger, you're fucking up my tools." (Compl. ¶ 22.) Plaintiff's coworker informed Steven that those comments were disrespectful, and Steven screamed profanity and moved violently toward Plaintiff and his coworker. (Compl. ¶ 24.) Plaintiff reported Steven's conduct to his Arrow representative, who subsequently informed Plaintiff that ATCO Industries had terminated Plaintiff's employment. (Compl. ¶¶ 25, 26.)

On September 2, 2022, Plaintiff submitted, and the EEOC received, two charges of discrimination. (Compl. Exs. A and C.) The charges name Rivian Automotive, LLC ("Rivian", *see* Compl. Ex. A), and Arrow (*see* Compl. Ex. C) as "the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That [Plaintiff] Believe[s] Discriminated Against [Him] or Others." Plaintiff states in each EEOC charge that Arrow is a temp agency that assigned him to work at Rivian on or around August 8, 2022, and that

---

[2] ATCO Industries accepts these allegations only for purposes of its motion to dismiss.

after the August 21, 2022, incident "[Arrow's representative] inform[ed] me that my employment had been terminated by Rivian because I was not a good fit and for other bogus reasons." (Compl. Ex. A 1-2, at statement of particulars; Compl. Ex. C 1-2, at statement of particulars). Each charge indicates that the latest date that discrimination took place was in August 2022. (Compl. Exs. A, C.) A mailing address for Plaintiff in care of Nathan Volheim, Sulaiman Law Group, and an email address with a sulaimanlaw.com domain name are included on each charge. (*Id.*)

By letter dated January 13, 2023, the EEOC issued Plaintiff a Notice of Right to Sue based on the charge against Rivian (the "Rivian Notice"). (Compl. Ex. D.) The Rivian Notice is addressed to Plaintiff in care of Mr. Volheim and indicates that a courtesy copy was sent to "RIVIAN AUTOMOTIVE LLC" and underneath that all capitalized name appears the name "Tiffany Boyd." (*Id.*) Just over a month later, the EEOC issued a Notice of Right to Sue based on the charge against Arrow ("Arrow Notice"). (Compl Ex. A.) The Arrow Notice is also addressed to Plaintiff in care of Mr. Volheim and indicates that a courtesy copy was sent to "ARROW TALENT MANAGEMENT." (*Id.*) Plaintiff filed a four-count lawsuit on March 1, 2023, naming Rivian and Arrow as co-defendants. (*See* ECF 1.) Plaintiff filed executed summons for both Rivian and Arrow on March 10, 2023 (*See* ECF 5, 6.) Plaintiff was granted leave to file an amended complaint and filed the operative Complaint on May 9, 2023. (*See* Minute Order dated May 2, 2023 and ECF 15.) The Complaint names ATCO Industries as a co-defendant to Arrow Talent Management. (ECF 15.) The docket sheet for this action indicates that Rivian was terminated from this litigation as of May 9, 2023.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails to state a claim upon which relief can be granted. To withstand a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must "provide more than mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action'" to meet the standard required to survive a motion to dismiss. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

Title VII's administrative filing requirements are "conditions precedent" to bringing a lawsuit that are similar to statutes of limitations. *Perkins v. Silverstein*, 939 F.2d 463, 469-470 (7th Cir. 1991). On a motion pursuant to Rule 12(b)(6), "dismissal for untimeliness is proper when the plaintiff's allegations establish that the statute of limitations bars recovery." *Milchtein v. Milwaukee Cty.*, 42 F.4th 814, 822 (7th Cir. 2022).

## ARGUMENT

**I.    Counts II Through IV Must Be Dismissed For Failure To Exhaust Administrative Remedies Against ATCO Industries.**

Plaintiff's Title VII claims against ATCO Industries must be dismissed because Plaintiff has not filed an EEOC charge of discrimination naming ATCO Industries as a respondent. "[U]nder the well-settled law of this circuit, 'a party not named as the respondent in an EEOC charge may not be sued under Title VII.'" *Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 989 (N.D. Ill. 2010) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008); 42 U.S.C. 2000e-5(e)(1) (requiring EEOC charge to be served on "person against whom such charge is made") and *id.* 2000e-5(f)(1) (authorizing a civil action to be brought "against the respondent named in the charge"). "The purpose of the requirement of filing a charge before the EEOC is twofold. First, it serves to notify the charged party of the alleged violation. Second, it gives the EEOC an opportunity for conciliation, which effectuates Title VII's primary goal of securing

4

voluntary compliance with its mandates." *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989).

      **A.    Plaintiff Has Not Pleaded That He Filed An EEOC Charge Against ATCO Industries.**

The Complaint does not allege that Plaintiff filed a charge of discrimination against ATCO Industries. Title VII claims against a defendant that has not been named by the plaintiff in an EEOC charge are properly dismissed pursuant to Rule 12(b)(6) on the grounds that the plaintiff has failed to exhaust administrative remedies. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 667 (7th Cir. 2013).

In *Alam*, the Seventh Circuit affirmed the trial court's dismissal of Title VII claims against a brewing company that the plaintiff had not named in an EEOC charge. 709 F.3d at 666-67. The plaintiff argued unsuccessfully that generally pleading that he "'exhausted all of his administrative remedies and has satisfied all conditions precedent to bringing this action'" was sufficient to withstand the brewing company's motion to dismiss. *Id.* at 667 (cleaned up). The court rejected this argument because the plaintiff "specifically alleged that he submitted an EEOC charge naming only [a co-defendant], not [the brewing company]." *Id.*

Similarly, in *Metz*, the district court held that dismissal of Title VII claims was proper as to six out of eight defendants, on the grounds that the plaintiffs had failed to exhaust administrative remedies against those six defendants. 700 F. Supp. 2d at 989. While the complaint did not allege which defendants had been named in the EEOC charges, the court granted the motion to dismiss because the defendants had attached to their motion to dismiss EEOC charge and determination letters showing that only two co-defendants had been named. *Id.* n.2. The plaintiffs did not deny the accuracy of those documents. *Id.* Because the plaintiffs did not dispute the accuracy of the EEOC documents, the Court held they were the proper subject of judicial notice on which the court could dismiss the Title VII claims pursuant to Rule 12(b)(6). *Id.*

5

Here, Plaintiff attaches and incorporates into the Complaint four exhibits that show entities other than ATCO Industries were named in EEOC charges brought by Plaintiff. Complaint Exhibits A and D are, respectively, Plaintiff's EEOC charge of discrimination naming, and the EEOC's notice of right to sue, Rivian. Exhibits B and C are, respectively, Plaintiff's EEOC charge of discrimination naming, and the EEOC's notice of right to sue, Arrow. As did the plaintiff in *Alam*, Plaintiff here generally alleges that "all conditions precedent" to bringing a Title VII claim have been met. (Compl. ¶ 5. *See* id. ¶ 16.) However, by incorporating the EEOC charges and the right to sue notices that name entities other than ATCO Industries, Plaintiff admits that he has not complied with all conditions precedent to bringing a claim against ATCO Industries pursuant to 42 U.S.C. § 2000e-5. Counts II through IV against ATCO Industries should be dismissed for failure to exhaust Plaintiff's administrative remedies.

**B.    Plaintiff Has Not Pleaded That ATCO Industries Had Notice Of An EEOC Charge Or An Opportunity To Participate In Conciliation.**

The Seventh Circuit recognizes an exception to the statutory requirement to name a defendant in an EEOC charge where "the unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Alam*, 709 F.3d at 666 (quoting *Eggleston v. Chi. Journeyman Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981).

For example, in *Schnellbaecher*, the Seventh Circuit affirmed the trial court's dismissal of a Title VII claim against a corporate parent of a clothing store, even where the corporate parent had notice of EEOC charges against the subsidiary. 887 F.2d at 127. The court rejected the clothing store employees' argument that they were excused from compliance with the statutory condition precedent to name the parent in an EEOC charge because "[a]lthough [the corporate parent] had notice of the charges against [the clothing store], it did not thereby have any notice of any charges

6

against *it*, nor did it have any opportunity to conciliate on its own behalf." *Id.* at 127 (emphasis in original).

Here, the Complaint is devoid of facts that suggest that ATCO Industries was on notice of Plaintiffs' claims against it. Rivian and Arrow are listed, respectively, as "the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that [Plaintiff] Believe[s] Discriminated Against Me or Others" in each EEOC charge attached to the Complaint. (Compl. Exs. A and C.) The statement of particulars in each charge does not mention ATCO Industries. (*Id.*) Moreover, the charges list addresses in Normal, Illinois, and Orlando, Florida, for Rivian and Arrow, respectively, but Plaintiff admits that ATCO Industries' principal address is in Sterling Heights, Michigan. (*Compare* Compl. Exs. A and C *with* Compl. ¶ 10.) Lastly, the EEOC notices of right to sue attached to the Complaint indicate only that ARROW TALENT MANAGEMENT and RIVIAN AUTOMOTIVE LLC / Tiffany Boyd received courtesy copies of any correspondence from EEOC. (Compl. Exs. B and D.) The Complaint does not plausibly plead ATCO Industries had notice of the charges against it and an opportunity to participate in conciliation.

\* \* \*

Because Plaintiff has not complied with the statutory conditions precedent to bringing a claim against ATCO Industries, and because the complaint provides no basis to infer that ATCO Industries had notice of Plaintiff's charges and an opportunity to conciliate, Counts II through IV must be dismissed as to ATCO Industries. Moreover, Counts II through IV should be dismissed with prejudice because more than 300 days have passed since the conduct that gives rise to Plaintiff's claims. A charge of discrimination must be filed within 300 days of the alleged unlawful employment practice. *Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014)

(identifying Illinois as a "deferral state" under 42. U.S.C. § 2000e-5(e)(1)). Here, the Complaint alleges conduct that occurred on or around August 21, 2022, and the EEOC charges naming Arrow and Rivian as respondents each state that the latest date of discrimination was August 2022. The end of August 2022 was more than 300 days ago. The Title VII claims against ATCO Industries must be dismissed with prejudice.

### II. Count I Must Be Dismissed For Failure To Allege A Pattern Or Practice Of Discrimination

Plaintiff's Section 1981 claim against ATCO Industries must be dismissed because it fails to allege a "pattern or practice" of discrimination for which ATCO Industries could be held liable. Claims alleging a pattern or practice of discrimination "require a showing that an employer regularly and purposefully discriminates against a protected group" and that "discrimination was the company's standard operating procedure—the regular rather than the unusual practice." *E.g., Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 716 (7th Cir. 2012) (internal quotations omitted). Additionally, to state a claim pursuant to Section 1981, a plaintiff must allege (1) membership in a racial minority, (2) the defendant's intention to discriminate on the basis of race, and (3) the discrimination concerned one or more of the activities enumerated in the statute, i.e., the making and enforcing of a contract. *Morris v. Off. Max, Inc.*, 89 F.3d 411, 473 (7th Cir. 1996). Courts will dismiss a Section 1981 claim premised on a pattern or practice of discrimination that contains "only speculative, conclusory assertions about [the defendant's] 'widespread practice of racial discrimination.'" *E.g., Watkins v. BNSF Railway Co.*, No. 21 C 3547, 2022 WL 4386684, *9 (N.D. Ill. Sept. 21, 2022) (dismissing Section 1981 claim and stating, "It is unclear what policy or practice Watkins even alleges").

Here, Plaintiffs have not plausibly alleged a "pattern or practice" of discrimination for which ATCO Industries can be held liable. The Complaint alleges the race of only one person,

Plaintiff. (Compl. ¶¶ 17–19.) The Complaint conclusorily alleges that "conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination." (Compl ¶ 32.) However, the only conduct "against Plaintiff's race" that Plaintiff pleads is the conduct related to Plaintiff. The Complaint alleges "systemic" discrimination, but as in *Watkins*, there are no clear allegations about what policy or practice Plaintiff is alleging. The Section 1981 claim must be dismissed for failure to state a claim for which relief can be granted.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint in its entirety as to ATCO Industries. Counts II through IV should be dismissed for failure to exhaust administrative remedies, as required by Title VII. Count I should be dismissed for failure to allege a pattern or practice of discrimination for which ATCO Industries could be held liable pursuant to Section 1981.

Dated: July 17, 2023

Respectfully submitted,
**ATCO Industries, LLC**

  /s/ Christopher Esbrook
Christopher Esbrook
Matthew H. Griffin
ESBROOK, P.C.
321 N. Clark Street, Suite 1930
Chicago, Illinois 60654
312 319-7680
christopher.esbrook@esbrook.com
matthew.griffin@esbrook.com

*Attorneys for Defendant ATCO Industries, LLC*